Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,958-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JAMES D. YOUNG                    Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 391,313

Honorable Michael A. Pitman, Judge

* * * * *

LOUISIANA APPEALS AND WRIT SERVICE     Counsel for Appellant
By:  Michael Anthony Mitchell
     Remy V. Starns
     Annette Fuller Roach

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

MARY JOINER ABLE
VICTORIA T. WASHINGTON
BRIANA SPIVEY
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and ROBINSON, JJ.

**ROBINSON, J.**

Having been adjudicated a second-felony offender, James Young appeals his nine-year hard labor sentence. After vacating his sentence for the underlying conviction and amending his habitual offender sentence to remove the restriction on parole eligibility, we affirm his sentence and remand to the trial court to correct the minutes to reflect that his sentence for the underlying offense has been vacated.

## FACTS

Young was charged by a bill of information with aggravated flight from an officer in violation of La. R.S. 14:108.1(C). The crime occurred on September 13, 2022. A unanimous jury found him guilty as charged on January 23, 2024.

On February 20, 2024, the state filed a habitual offender bill of information charging Young as a second-felony offender. He had pled guilty on August 22, 2016, to the possession of a Schedule II CDS, for which he had received a suspended sentence of five years at hard labor with two years of supervised probation. Young had been charged by an amended bill of information with aggravated assault with a firearm in violation of La. R.S. 14:37.4, possession of a Schedule II CDS in violation of La. R.S. 40:967(C), illegal carrying of a firearm in violation of La. R.S. 14:95(E), and domestic abuse with strangulation in violation of La. R.S. 14:35.3(L).

Young was sentenced for the underlying offense on February 18, 2025. The trial court noted that the maximum sentence for aggravated flight from an officer had subsequently increased, but at the time of the offense, the maximum sentence was five years. The court found there was an undue

risk that Young would commit another crime during a period of suspended sentence or probation, that Young was in need of correctional treatment or a custodial environment that could be provided most effectively by his commitment to an institution, and that a lesser sentence would deprecate the seriousness of his crime. The court also found that Young knowingly created the risk of death or great bodily harm to more than one person and that he had a very lengthy criminal history. The court found no mitigating circumstances. Young was sentenced to five years at hard labor. After imposing sentence, the court then realized that it had been provided with the criminal history for a different James Young. Upon reviewing the criminal history of the correct James Young, the court again concluded that Young had a lengthy criminal history and that five years at hard labor was still an appropriate sentence.

A motion for appeal was filed on May 16, 2025. Young's conviction and sentence were affirmed. *State v. Young*, 56,675 (La. App. 2 Cir. 12/17/25), 426 So. 3d 775. While his appeal was pending, Young filed a motion to supplement the record with the transcripts from the habitual offender adjudication and sentencing. The motion to supplement the record was denied because no appeal had been taken from the habitual offender proceedings.

A habitual offender hearing was held on August 21, 2025. Sergeant John Madjerick from the Shreveport Police Department testified as an expert in fingerprint analysis. He compared Young's right thumbprint taken in court to the right thumbprint on the fingerprint sheet attached to the bill of information for the predicate offense and confirmed that they were from the same person. The court adjudicated Young as a second-felony offender.

2

On September 9, 2025, Young filed a motion for new trial of his habitual offender adjudication. He argued the evidence was insufficient to show that the cleansing period had not passed and that he had been properly *Boykinized* for his prior felony.

A habitual offender sentencing was held on September 17, 2025. The court first considered Young's motion for new trial. The court granted the motion to determine whether Young had been properly *Boykinized* when he pled guilty. After reviewing the transcript of the guilty plea, the court determined that all the *Boykin* requirements had been met and that Young was indeed a second-felony offender. Young waived sentencing delays. Before imposing sentence, the court found the following aggravating factors to apply: (1) Young knowingly created a risk of death or great bodily harm to more than one person; (2) there was an undue risk that during the period of a suspended sentence or probation that Young would commit another crime; (3) Young was in need of correctional treatment or a custodial environment that would be provided most effectively by his commitment to an institution; and (4) a lesser sentence would deprecate the seriousness of Young's crime. The court did not find any mitigating factors. The court imposed a habitual offender sentence of nine years at hard labor without the benefit of probation, parole, or suspension of sentence.

On September 25, 2025, Young filed a motion to reconsider his habitual offender sentence. He asserted that his sentence was excessive and unconstitutionally harsh. The motion was denied.

### DISCUSSION

Young argues that his near-maximum sentence is excessive, and that the court improperly considered an element of the underlying offense, the

3

risk of harm to others, as an aggravating factor. He also maintains that it was improper for the court to consider an unadjudicated offense as part of his criminal history without first considering the validity of the unadjudicated offense when imposing sentence.

An aggravating factor considered by the trial court when sentencing Young was that Young "knowingly created a risk of death or great bodily harm to more than one person." La. C. Cr. P. 894.1(B)(5). Young argues that it was improperly considered because it is an element of the underlying offense. "Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered[.]" La. R.S. 14:108.1(C).

There was no error by the trial court in considering an element of the underlying offense as an aggravating factor. See *State v. Tyler*, 50,224 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1029, where this court concluded that the trial court did not err when considering the age of the victim and the familial relationship between her and the defendant as aggravating factors, even though they were elements of the crime of conviction. This argument is without merit.

The court also properly considered Young's criminal history when sentencing him for the underlying conviction and presumably for the habitual offender conviction. In determining a proper sentence, a trial judge is not limited to considering only prior convictions and may review all evidence of prior criminal activity, including arrests. See *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031.

4

Young characterizes the underlying and predicate offenses as low-level felony offenses. He notes that at the time of the relevant offenses, the punishment for aggravated flight from an officer was a hard labor sentence of not more than five years and a possible fine of no more than $2,000, and the punishment for possession of a Schedule II CDS was imprisonment, with or without hard labor, for not more than five years and a fine of no more than $5,000.

Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1 and the second a review of the sentence for constitutional excessiveness. *State v. Johnson*, 56,455 (La. App. 2 Cir. 10/1/25), 420 So. 3d 1239. However, because Young's motion to reconsider sentence raised only a claim that the sentence imposed was constitutionally excessive, he is relegated to review of his sentence on that ground alone. La. C. Cr. P. art. 881.1; *State v. Johnson*, *supra*.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v.*

5

*Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell*, *supra*.

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Gibson*, 54,400 (La. App. 2 Cir. 5/25/22), 338 So. 3d 1260, *writ denied*, 22-00978 (La. 3/7/23), 356 So. 3d 1053.

La. R.S. 15:529.1(A)(1) states that "[i]f the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction."

While Young's habitual offender sentence is just shy of the maximum, it is well deserved and not shocking to the sense of justice. Young drove at speeds well in excess of the speed limits on the involved roads, which placed the general public as well as the pursuing officer in danger. Notably, the chase ended when Young's vehicle ran off the road.

***Underlying sentence***

Young also argues his habitual offender sentence is null and void because the trial court did not vacate his sentence for the underlying conviction before imposing it.

La. R.S. 15:529.1(D)(3) states when a defendant has been adjudicated a habitual offender, "the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already

6

imposed, deducting from the new sentence the time actually served under the sentence so vacated." Young's sentence for the underlying offense was not vacated before the habitual offender sentence was imposed.

When a defendant's original sentence on an underlying offense has not been vacated by the court at the time of defendant's sentencing as a habitual offender, the original sentence remains in effect and the subsequent sentence as a habitual offender is null and void. *State v. Clark*, 52,256 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1178. However, where it is obvious that the trial court intended to increase the substantive sentence, and correction of the illegal sentence does not involve the exercise of sentencing discretion, the appellate court may amend to correct, without remanding for resentencing. *Id*.; *State v. Bailey*, 49,362 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1056, *writ denied*, 14-2645 (La. 10/2/15), 178 So. 3d 988.

It is clear from the record that the trial court intended to increase the substantive period of imprisonment from five years to nine years. Accordingly, we vacate the five-year sentence imposed for the underlying conviction, and we remand this matter to the trial court with instructions to amend the minutes of sentencing to correctly reflect that Young's original five-year sentence is vacated.

### *Parole condition*

Finally, Young contends his sentence is illegal because it was imposed without parole eligibility.

There is no restriction of parole eligibility in La. R.S. 15:529.1(G), which states that "any sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence." Furthermore, there was no parole restriction for the crime of

aggravated flight from an officer. The restriction on parole eligibility rendered Young's sentence illegal, and under La. C. Cr. P. art. 882(A), we amend Young's sentence to delete the denial of parole eligibility. See *State v. Gaines*, 52,536 (La. App. 2 Cir. 2/27/19), 266 So. 3d 948, *writ denied*, 19-00773 (La. 9/17/19), 279 So. 3d 379.

## CONCLUSION

For the foregoing reasons, we vacate Young's five-year sentence for his aggravated flight from an officer conviction, amend his habitual offender sentence to remove the restriction on parole eligibility, and affirm his habitual offender sentence as amended. We also remand this matter to the trial court to correct the minutes to reflect that Young's sentence for the underlying conviction has been vacated.